### FRANKLIN *vs.* THE SYNDICS OF WARFIELD.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

A party has a right to bring forward at any time before the filing of the tableau of distribution and its homologation, all claims in virtue of which he has become creditor since the rendition of the judgment, on demands which existed previous thereto—and for this purpose may file a supplemental petition.

This action was first instituted in the Parish Court, and after cession of goods by the defendant Warfield, was transferred to the District Court, wherein proceedings had been instituted by the insolvent. The object of the suit in the first instance was to dissolve a partnership which existed between the plaintiff and defendant in relation to their business as *Innkeepers*, and to obtain a settlement of their accounts.

After the judgment of the Court *aquo* fixing the sum due to the plaintiff, as solvent partner of the firm of Franklin & Warfield, and before the parties had proceeded to make a partition of the partnership stock as prayed for in the original petition. The plaintiff filed a supplemental petition, alleging that he had, as solvent partner, since the rendition of the judgment, paid with his private funds, the further sum of $2,257, partnership debts, and praying that said sum be allowed as a further credit against the partnership, that he have judgment for the same, and that a final partition of the partnership stock, then sequestered in the hands of the sheriff be made between the parties.

To this the defendant filed an exception, praying that the supplemental petition be set aside, on the ground that none could be filed after judgment. The Court below sustained the objection, and the plaintiff appealed.

*Nixon* for appellant.

*Hennan* for appellee

*Porter, J.,* delivered the opinion of the court.

This suit commenced originally in the Parish Court, and had for object to dissolve a partnership which existed between the plaintiff and insolvent in relation to their business as inn-keepers. But the latter having failed since the inception of the action, it has been transferred to the District Court, and cumulated with the proceeding in *concurso.*

There have been two appeals brought before this Court from the proceedings in relation to the estate. The first was from a decision of the inferior tribunal in relation to the claim of one McCall, who asserted a right to specific property found in the insolvent's possession at his failure. The Court versed the judgment rendered below, and remanded the cause for further proceeding, but at the same time confirmed that part of the judgment which established the debt due to the plaintiff by the insolvent.

The case came up again, on a right set up by the plaintiff, as partner, to have the possession of the one half of the property, which was found in the insolvent's hands when he failed. The Court under the circumstances of the case, thought that the Syndic was entitled to it, and dismissed the appeal with the expression of its opinion, that the plaintiff could exercise all his rights against the Syndic who represents the estate.

While the cause was thus pending in the Court below, and before a tableau of distribution was filed, the plaintiff filed a supplemental petition, in which he stated that since the rendition of the judgment in his favor, he had, as partner of the house of Franklin & Warfield, paid further claims on

Eastern District,
December 1830.

FRANKLIN
vs.
WARFIELD.

A party has a right to bring forward at any time before the filing of the tableau of distribution and its homologation, all claims in virtue of which he has become creditor since the rendition of the judgment on demands which existed previous thereto----and for this purpose may file a supplemental petition.

said firm to the amount of $2257 89, for which he prayed judgment against the estate.

The Counsel for the Syndic pleaded an exception, that no supplemental petition could be filed after judgment on appeal. The Court sustained the exception, and the plaintiff appealed.

It is beyond doubt that the plaintiff has a right to bring forward at any time before the filing of the tableau of distribution and its homologation, all claims in virtue of which he has become creditor, since the rendition of the judgment or demands which existed previous thereto. The first decree only operated as *res judicata* on the matters embraced by it. And whether he called his petition a supplemental or an original one, is in our opinion immaterial. His case was still pending in *concurso*, and we do not perceive the error of his styling his petition a supplemental one. It certainly was such in relation to his claim against the estate. It was an addition to his first demand.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed; that the exception filed in the cause be overrulled, and the cause be remanded to be proceeded in according to law; the appellee paying the costs of the appeal.